**Pedro MARTINEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–364–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1987.

---

Terrill L. Flenniken, Houston, for appellant.

John B. Holmes, Jr., Leslie Brock, Joan Campbell, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to aggravated sexual assault of a child and the court, after finding appellant had previously been convicted of a felony, assessed punishment at confinement for forty-five years. Issues on appeal concern competency to testify and admissibility of "outcry" witness testimony. We affirm.

Briefly, the record reveals the female complainant was nine years old at the time of trial. She testified that on the day in question, appellant, who is her cousin, took her into her mother's bedroom, pulled her pants down, and layed her on the bed. Appellant then pulled his pants down, lifted her legs up, and put "his privates in [her] behind." He also put his mouth on her "front privates." In addition, the record reveals that appellant had sexually assaulted the complainant on several other occasions.

In his first point of error appellant contends the court erred in finding the complainant competent to testify. In his brief, appellant points out five instances where the complainant was unable to answer the prosecutor's questions and then argues "the complainant lacked either the ability to understand events at the time they occurred, the ability to recollect, or the ability to narate [sic] these events." We do not agree.

The competency of a witness to testify is a question for the determination of the trial court, and its ruling will not be disturbed absent a showing of abuse of discretion. *Fields v. State*, 500 S.W.2d 500

(Tex.Crim.App.1973). In determining whether the trial court abused its discretion, this court will review the entire testimony of the subject witness. *Clark v. State,* 558 S.W.2d 887 (Tex.Crim.App.1977).

■ Here, the complainant testified that she knew the difference between telling the truth and not telling the truth. She acknowledged that sometimes people are punished if they do not tell the truth. Further, she promised to tell the truth as she knew it. Although the complainant was unable to answer some questions, she was able to testify extensively about where she lived, her school and the events of the day in question. Finally, she was able to accurately describe, and demonstrate with dolls, the acts performed by appellant. The trial court did not abuse its discretion in finding the complainant competent to testify. Appellant's first point of error is overruled.

In his second and third points of error appellant contends the trial court erred in admitting the testimony of the complainant's mother. Specifically, appellant asserts the mother's testimony about what her daughter told her was inadmissible hearsay because it was not an outcry or spontaneous utterance and the trial court failed to comply with Tex.Code Crim.Proc. Ann. art. 38.072 (Vernon Supp.1987). We do not agree.

Article 38.072 provides, in part:

Sec. 2. (a) This article applies only to *statements that describe the alleged offense* that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article *is not inadmissible because of the hearsay rule* if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law. (emphasis added).

Approximately one month prior to trial the state notified appellant of its intention to use the mother's hearsay testimony describing the alleged offense. As required by article 38.072, the state's notice included a complete summary of the mother's statement.

■ Appellant now argues the mother's testimony was inadmissible hearsay because the trial court failed to conduct a hearing to determine the reliability of her testimony. However, at trial appellant's only objection to the testimony was on "hearsay" grounds. Such a general objection preserves nothing for review. *Lewis v. State,* 664 S.W.2d 345 (Tex.Crim.App. 1984). Once he received notice of the state's intention to use the mother's testimony, it became appellant's burden to show any underlying reason why the testimony was inadmissible. Having failed to do so, appellant cannot now complain. Tex.R.App.P. 52(a). The trial court properly overruled appellant's hearsay objection.

In light of the above discussion holding the mother's testimony admissible, it is unnecessary to address appellant's contentions concerning outcry and spontaneous utterance. Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.