**Joe RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00282–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 14, 1988.

Nelson Norman and Larry Zinn, San Antonio, for appellant.

Fred G. Rodriguez, Jane Davis, Edwin Springer, and Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

OPINION

CANTU, Justice.

Appellant was convicted by a jury of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021(a)(5) (Vernon Supp. 1986).[1]

Punishment was assessed by the jury at confinement for a term of fifty years.

The indictment, in pertinent part, alleged: ... on or about the 28th day of March, A.D., 1985, Joe Rodriguez, hereafter referred to as defendant, did then and there intentionally and knowingly cause the penetration of the vagina of S___ B___, hereafter referred to as the complainant, a child, by placing the finger of the said defendant in the vagina of the said complainant, and the said child was then younger than fourteen years of age....

The child's mother testified that her children, including the complainant, were placed in the care of a babysitter for several days in March of 1985 while she worked as a manager trainee at a retail store in San Antonio.

The children were taken to the home of Linda Rodriguez on March 22, 26 and 28.

However, on March 30, 1985, the complainant emotionally and tearfully refused to bathe or prepare to go to the sitter. She further complained that she was unable to go to the restroom. When questioned further about her reluctance to go to the sitter's house, the child explained that she did not want to go because the sitter's husband, the appellant, had been putting his hand down her pants.

The six and a half year old complainant related to her mother three separate incidents in which appellant allegedly sexually assaulted her. According to the child each incident occurred on a different day when the sitter was either absent or in another room. On each occasion appellant slipped his hand down the complainant's pants and placed his hand "in her peachie," a term used by the complainant to refer to her vagina.

On March 30, the child was taken to Wilford Hall Air Force Hospital for examination by a Dr. Bill Dalsey, a staff physician.

At trial the complainant's mother testified as an outcry witness to the events related above. Dr. Dalsey testified that he examined the complainant for evidence of a sexual assault. According to Dalsey, the examination revealed irritation and inflammation of the urethra and external genitalia. Examination disclosed that the hymen, at the entrance or outer part of the vagina, was intact but that there was notable in-

---

1. TEX.PENAL CODE ANN § 22.021(a)(5) provides:

    (a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

    \* \* \* \* \* \*

    (5) the victim is younger than 14 years. TEX.PENAL CODE ANN. § 22.011 provides:

    (a) A person commits an offense if the person:

    (2) intentionally or knowingly:

    (A) causes the penetration of the anus or female sexual organ of a child by any means;

    . . . . . .

    Prior to amendment by Acts 1985, 69th Leg., ch. 557, § 1, eff. Sept. 1, 1985 the statute required penetration of the "vagina" as opposed to "female sexual organ."

    In 1987 the legislature amended and redesignated clauses and subsections in § 22.021. *See* Acts 1987, 70th Leg., ch. 573, § 1, eff. Sept. 1, 1987 and Acts 1987, 70th Leg., 2nd CS., ch. 16, § 1, eff. Sept. 1, 1987.

    Aggravated sexual assault as pertinent to this appeal is now found in § 22.021(a)(1)(B)(i)(2)(B):

    (a) A person commits an offense:

    (1) If the person:

    \* \* \* \* \* \*

    (B) intentionally or knowingly:

    (i) causes the penetration of the anus or female sexual organ of a child by any means;

    \* \* \* \* \* \*

    (2) if:

    \* \* \* \* \* \*

    (B) the victim is younger than 14 years of age.

flammation or irritation of the outer part of the vagina, the labia majora.

The complainant, nine and a half years old at the time of trial, testified that she recalled staying with Linda Rodriguez with her brothers and sisters when they were left to be babysat. The complainant identified the appellant at trial as the person who touched her "in a bad way" on three or four occasions. She described, by using an anatomically correct doll, how appellant put his hand down the front and back of her pants, "wiggling" his hand, placing his hand "on her peachie." She testified that this action hurt her and that it hurt when she used the bathroom. She could not remember whether appellant put his hand *in* her "peachie," but she did recall telling her mother about appellant's conduct because she was in fear of returning to the sitter's house. She also remembered being taken to the hospital to be examined.

Appellant's first point of error challenges the sufficiency of the evidence to prove up the element of penetration. The second point of error alleges that TEX. CODE CRIM.PROC.ANN. art. 38.072 as applied to this case violates the confrontation and due process clauses of the United States and Texas constitutions. The third point of error alleges trial court error in admitting hearsay testimony of the complainant's mother over objection.

We address appellant's third point of error first.

The complainant's mother testified that two days after the alleged touching the child told her that appellant had put his finger in her "peachie." The child's mother also testified that the child had claimed that appellant had touched her on at least two other occasions.

During the mother's testimony appellant's counsel lodged the following objections:

(Defense Counsel)

Mr. Norman: Excuse me, your Honor. We are going to object to this hearsay testimony for the same reasons that we brought before the Court. And specifically because it is not only hearsay, it does not fall within the provision of Article 38.07(2). [sic]

\* \* \* \* \* \*

MR. NORMAN: Excuse me, your Honor. I want to have a running objection to all this testimony.

\* \* \* \* \* \*

MR. NORMAN: Excuse me, your Honor. We'll object again to this testimony as being hearsay, her reporting what the complainant said to her.

\* \* \* \* \* \*

MR. NORMAN: I want it clear we have a running objection.

\* \* \* \* \* \*

We examine each objection in light of the record as developed at the time.

The initial objection complained of hearsay testimony for reasons undisclosed in the record. The more particularized objection that followed claimed that the hearsay did not fall within the provision of Article 38.07(2) [sic].

Article 38.072 provides in pertinent part:

\* \* \* \* \* \*

Sec. 2.(a). This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

At the time the complainant's mother testified, no objection was raised specifying the failure to hold a hearing or to be given notice that the complainant's mother would be called. If such objection complained of the failure to hold a hearing the alleged error was waived.

It has been held that a failure to object to the absence of a hearing provided for under article 38.072, § 2(b)(2) waives error, if any, in failing to hold a hearing. *See Hightower v. State,* 736 S.W.2d 949, 953 (Tex.App.—Eastland 1987, pet. granted) and *Martinez v. State,* 732 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1987, no pet.). The objection that the mother's testimony was "hearsay" is too general an objection and preserves nothing for review. *Martinez v. State, supra. See also Barnard v. State,* 730 S.W.2d 703, 716 (Tex. Crim.App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988).

■ Appellant's subsequent reliance upon a "running objection" proves also fruitless. Such an objection preserves nothing for review. *Goodman v. State,* 701 S.W.2d 850, 863 (Tex.Crim.App.1985). In the instant case we presume that the objection referred to the previous complaint of noncompliance with Article 38.072 which we have in any event held to have been waived. *Hightower v. State, supra.*

■ It is clear that several instances of similar testimony were developed and offered without objection. Additionally, the complainant testified to basically the same facts including her outcry statement to her mother with the single exception that she could not recall being penetrated. Where other similar testimony is received during trial without objection any initial error in reception of the evidence in the first in-

stance is waived or rendered harmless. *Anderson v. State,* 717 S.W.2d 622, 627 (Tex.Crim.App.1986).

Article 38.072 now specifically provides that a hearsay objection no longer suffices to render a statement describing the offense inadmissible as hearsay if the requisites of the statute are met. We see no reason why the result should not be the same where appellant waives compliance with the requirements by standing mute after being given opportunity to complain. Appellant's third point of error is overruled.

■ Appellant's second point of error focuses on alleged denial of confrontation under the federal and State constitutions. We, at the outset, note that appellant never raised the confrontation issue before the trial court at any time.

It has long been the rule that even constitutional complaints such as confrontation arguments must be raised at trial first. *See Griffith v. State,* 391 S.W.2d 428, 430 (Tex.Crim.App.1965); *Soto v. State,* 736 S.W.2d 823, 826–28 (Tex.App.—San Antonio 1987, pet. ref'd).

But even if the issue could be first raised on appeal we are, nevertheless, compelled to overrule the contention.

The complainant was called to testify by the State, and appellant, in fact, cross-examined the child. Under the circumstances it cannot be seriously argued that confrontation was denied appellant. Point of error two is overruled.

■ We now address appellant's sufficiency challenge to the proof establishing penetration. In addressing such a challenge the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc).

The standard for reviewing the sufficiency of the evidence is the same in either

direct or circumstantial evidence cases. *Taylor v. State*, 684 S.W.2d 682, 684 (Tex. Crim.App.1984) (en banc).

It has long been held that penetration may be proved by circumstantial evidence. *See e.g. Preston v. State*, 157 Tex.Crim. 228, 242 S.W.2d 436 (1951); *Vasquez v. State*, 145 Tex.Crim. 376, 167 S.W.2d 1030 (1942); *Word v. State*, 12 Tex.Ct.App. 174, 183 (1882).

There is no requirement that the complainant be able to testify as to penetration. *Word v. State, supra.*

Proof of penetration, however slight, is sufficient so long as it is shown by proof beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex.Crim.App. 1974).

■ In the instant case the complainant unequivocally testified that appellant touched her vagina. The medical evidence was consistent with penetration of the outer area of the vagina. Moreover, the mother's testimony of outcry supports a finding of penetration, however slight.

■ Appellant argues that the outcry should not be considered in determining the sufficiency of the evidence. We disagree. Article 38.072 now specifically removes hearsay objections as an impediment to considering the details of the statement made by the child victim to the outcry witness. When all the evidence is viewed in the light most favorable to the verdict, we cannot say that a rational trier of fact was not justified in finding all the elements of the offense to have been proved beyond a reasonable doubt. Appellant's first point of error is overruled.

■ In his points of error four and five, appellant asserts that the trial court erred in instructing the jury on the law of parole because the instructions violated the separation of powers clause of the Texas Constitution and the due process clauses of the United States and Texas Constitutions.

The instruction was given pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a).

The instruction in question was recently held by the Court of Criminal Appeals to be unconstitutionally inappropriate. *See Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim. App.1987) (en banc) (opinion on rehearing).

The Court went on to explain that a failure to object to the giving of the instruction does not necessarily constitute a waiver of the right to review the error in giving such an instruction. It then established a harm analysis to be conducted under the general harmless error test to be applied by appellate courts in criminal cases. *See* TEX.R.APP.P. 81(b)(2).

Under Rule 81(b)(2) we are required to reverse the judgment unless after analysis of the record we determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment.

Error in the instant case occurred only in the punishment phase. We now look at the factors brought out during this phase of the trial keeping in mind the evidence adduced during the guilt/innocence phase as well.

The record disclosed that appellant had no prior convictions and was, therefore, eligible for consideration of probation. The only negative evidence presented against appellant during the punishment phase consisted of the testimony of a single police officer who testified that appellant's reputation for being "peaceful and law abiding" in the community was bad. The prosecutor argued for a term in excess of twenty-five years.

During deliberations the jury sent back a note to the trial court inquiring as follows:

Please clarify the para. that begins "you may consider the existence of the parole law and good conduct time."

This note was delivered to the trial court almost three hours after it began deliberations and barely thirty five minutes prior to the jury reaching a verdict on punishment. There is nothing in the record to indicate that the trial court ever responded to the jury's inquiry.

We note that the parole instruction did not include the curative instruction given in

*Rose v. State, supra.* In fact the instruction given encouraged the jury to consider the existence of the parole law and good conduct time. It is apparent that the jury did just that and sought further clarification on the matter. Although the punishment assessed is well within the punishment range for such an offense, the term of years actually assessed militates against a finding of harmless error when we consider that appellant is a first time offender. Under the state of the record we are not justified in concluding beyond a reasonable doubt that the error made no contribution to the punishment assessed. TEX.R. APP.P. 81(b)(2).

Accordingly, we reverse the judgment and remand the cause to the trial court for appropriate action to be guided by the provisions of TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon 1988). *See Ex parte Sewell,* 742 S.W.2d 393, 397 (Tex.Crim.App. 1987) (en banc).

Because we sustain appellant's points of error four and five we do not reach appellant's sixth point of error alleging that the instruction also violated the Ex post Facto clauses of the United States and Texas Constitutions. *But see,* however, *Flores v. State,* 727 S.W.2d 691 (Tex.App.—San Antonio 1987, pet. granted).

REVERSED AND REMANDED.