Lankston v State 






AFFIRMED
SEPTEMBER 20, 1990

NO. 10-90-016-CR
Trial Court
# 27054
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RICHARD LEE LANKSTON,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 249th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *
Pleading not guilty, appellant Richard Lee Lankston was found
guilty by a jury of the offenses of aggravated sexual assault and
indecency with a child, separately charged in a single indictment. 
Punishments were assessed by the jury at confinement in the
penitentiary for a term of ninety-nine years for the aggravated
sexual assault and for a term of twenty years for indecency with a
child.
Appellant seeks reversal of his convictions on four points of
error. Two points assert that the trial court erred (1) by
admitting testimony by an outcry witness of extraneous offenses
allegedly committed by the appellant and (2) by admitting hearsay
statements of the "child victim" not in compliance with the
requirements of the Texas Code of Criminal Procedure article
38.072. See Vernon's Ann.C.C.P. art. 38.072. The third and fourth
points of error assert that appellant was denied a fair trial (3)
when the State's first witness informed the jury that appellant had
been charged with the extraneous offense of driving while
intoxicated, and (4) when the State interjected the extraneous
offense of unlawfully carrying a weapon during the cross-examination of appellant. We overrule these contentions.
The child victim in this case was born on September 3, 1977. 
On January 2, 1989, the victim informed her mother of events that
had occurred between the victim and appellant, the victim's
stepfather. The incidents the victim disclosed to her mother had
occurred earlier that day and related primarily to the criminal
offense of indecency with a child. This was the first time the
victim had informed anyone of the problem she was having with
appellant. The next day on January 3, 1989, the victim's mother
took the victim to the Child Protective Services' Office for
Johnson County. While at the office the victim spoke with Carol
Black, a child welfare worker. The victim related occurrences
between herself and appellant to Ms. Black. During the counseling
session with Ms. Black the victim for the first time related an
encounter which occurred in June of 1987 which was the basis of the
aggravated sexual assault.
Appellant's first point of error is based upon two arguments. 
He first argues that because the court did not hold a hearing on
the reliability of the hearsay statements in accord with the Texas
Code of Criminal Procedure article 38.072, all statements made by
the outcry witnesses under the statute were inadmissible hearsay. 
The trial transcript and statement of facts indicate that a
specific objection was never made in the trial court regarding the
omission of the reliability hearing. Appellant did make a general
hearsay objection at trial. However, the objection at trial must
be specific because a general hearsay objection against outcry
testimony under the statute preserves no error for review. 
Rodriguez v. State, 762 S.W. 2d. 727, 731 (Tex.App.-- San Antonio
1988, no pet.). If no specific objection is made the "failure to
object to the absence of a hearing provided for under article
38.072, § 2(b)(2) waives error, if any, in failing to hold a
hearing." Rodriguez v. State, supra. See also Rule 52(a),
Tex.Rules App.Proc., requiring specific objection for preservation
of error for appellate review.
The second argument under the first point of error deals with
the testimony of Carol Black, an outcry witness designated by the
State. Ms. Black's testimony concerned the crime of aggravated
sexual assault, and the appellant was given proper notice of such
testimony as required by article 38.072. Ms. Black testified that
the victim told her that appellant started "fondling her breasts
inside her clothing and outside her clothing, and also her vagina
inside and outside her clothing. She said also he started kissing
her and fondling her and would kiss her on her lips, her breasts
and her vagina." Appellant argues that admission of the above
portion of Ms Black's testimony contained unalleged extraneous
offenses which were extremely prejudicial and therefore should have
been excluded.
The testimony that appellant complains about was not
specifically enumerated in the indictment and therefore is
extraneous. However, in cases involving similar extraneous sex
offenses which occur between the child victim and the accused there
is an exception to the general rule barring testimony of the
extraneous offenses. Boutwell v. State, 719 S.W.2d. 164, 178
(Tex.Cr.App. 1985). Moreover, "[i]t is well settled that where .
. . another offense or transaction is a part of the case on trial
or blended or closely interwoven therewith, proof of all the facts
is proper." Mitchell v. State 650 S.W.2d. 801, 811
(Tex.Cr.App.1983). Evidence of an extraneous offense "may be
admissible to show the context in which the criminal act occurred." 
Wilkerson v. State, 736 S.W.2d. 656, 659-60 (Tex.Cr.App.1987). 
Additionally, "evidence of the context of the offense is almost
always admissible under the reasoning that events do not occur in
a vacuum and the jury has a right to have the offense placed in its
proper setting so that all evidence may be realistically
evaluated." Mann v. State, 718 S.W. 2d. 741, 744
(Tex.Cr.App.1986). Only on rare occasions will evidence of the
context of the crime be inadmissible because prejudicial. Mann v.
State, supra. 
Based upon the foregoing we find that the trial court did not
err in admitting the testimony given by outcry witnesses under
article 38.072. The first point of error is overruled.
In appellant's second point of error he complains that the
trial court erred by admitting hearsay statements of the child
victim not in compliance with the requirements of article 38.072.
Appellant did not preserve the right to appeal such an error
because he did not make a specific objection. The pertinent part
of the record during Ms. Black's testimony reads as follows:
AShe [the child victim] told me that --
[APPELLANT'S ATTORNEY]: Your Honor, may I
make an objection? There are parameters that are
exceptions to the hearsay rule that I believe this
person can testify to under the rules, and [the
Prosecutor] has so filed his letter stating what
those parameters are. I would just request that
instead of me jumping up and down every time with
regard to hearsay, that the questions be posed in a
manner so that the nonobjectionable material she
testifies to could be separate from that which
would be hearsay under the rules.
THE COURT: I just want all the attorneys to
stay within the parameters of 38.07[2]. I believe
that's what you're referring to. I'll just say all
attorneys will be expected to stay within those
parameters and couch their questions in that state.
Q[By the prosecutor]: Specifically, did she tell
you about something that happened in June of 1987?
AAbout a specific incident that she felt happened in
June of 1987?
QYes, ma'am. Let me go back just a second. As far
as when you're talking to a child as far as trying
to get specific dates, is that sometimes difficult
to do?
AYes, it is sometimes difficult. She described
activity that happened spanned over a period of
about three years.
QAll right. And when you're trying to pinpoint a
date, you may not have an exact date but you're
trying to get it as close as possible. Would that
be a fair statement?
AYes.
QAll right. Around June of 1987, what did she tell
you happened to her?
AShe told me that around June of 1987, they were
living in Keene at the same home on Santa Fe Street
with her mother, stepfather and younger sister. 
She said her mother was working and would go to
work about 7:00 o'clock in the morning, and that
her stepfather went to work later on in the
afternoon -- in the morning around 9:00 o'clock. 
She said usually she would go into his room and 
bring him a cup of coffee.
[APPELLANT'S ATTORNEY]: Your Honor, once
again I'm going to have to object that this is
hearsay.
[PROSECUTOR]: Judge, I can show you what we
filed as our intent to use 38.07[2].
THE COURT: It's on file here. Let me read it
here. All right, I'll overrule the objection. Go
ahead.
Q[Prosecutor] Just go ahead, Carol. You said she
had gone in to give him some coffee?
ARight. She started -- you know, after her mother
had gone to work at 7:00, she would go in and give
her stepfather a cup of coffee when he was still in
bed in the bedroom. She said he would -- he
started, at that point, fondling her breast inside
her clothing and outside her clothing, and also her
vagina inside and outside her clothing. She said
also he started kissing her and fondling her and
would kiss her on her lips, her breasts and her
vagina. She said sometimes he also would
masturbate against her vagina to the point of
ejaculation. She said -- and when I talked to her
more specifically about if her put his penis inside
her vagina, she said, no; he had tried to, but he
did not put his penis inside her vagina, he would
rub it on the outside of her vagina until he
ejaculated on her vagina. But there was never any
penetration inside of her vagina.
Appellant's "hearsay" objection was not specific and therefore no
complaint was preserved for appellate review. Rodriguez v. State,
supra. The objection was to the testimony of an "outcry witness"
whose testimony is primarily hearsay and is only admissible over
proper objections if all requisites of article 38.072 are met. 
Thus, a hearsay objection without specific grounds is without
merit. Moreover, Rule 52(a) of the Texas Rules of Appellate
Procedure provides that "[i]n order to preserve a complaint for
appellate review, a party must have presented to the trial court a
timely request, objection or motion, stating the specific grounds
for the ruling he desired the court to make if the specific grounds
were not apparent from the context." Since the outcry witness's
testimony is primarily composed of hearsay the general objection to
hearsay is not specific and clearly is not apparent from the
context. Additionally, when appellant received notice of the
State's intention to use the hearsay testimony "it became
appellant's burden to show any underlying reason why the testimony
was inadmissible." Martinez v. State, 732 S.W.2d 401, 403
(Tex.App.--Houston [14th Dist.] 1987, no pet.). The general
hearsay objection to the outcry witness's testimony preserved
nothing for review. The trial court properly overruled appellant's
hearsay objection.
Appellant also argues that the testimony of Ms. Black was
hearsay because she was not the first person 18 years of age or
older to whom the child spoke about the offense. The child
originally spoke to her mother. However, the statements made to
the child's mother related to the charge of indecency with a child. 
Section 2(a)2 of article 38.072 requires more than a general
allusion to sexual abuse and requires more than the first
statements made by an outcry victim that arguably relate to what
later develops into an allegation of child abuse. Garcia v. State,
792 S.W.2d 88, 91 (Tex.Cr.App.1990). The mother of the victim in
our case did receive more than a general allusion to the crime of
indecency with a child. Therefore, she was designated the outcry
witness on that offense. However, the victim's mother received no
specific statements from the child relating to the aggravated
sexual assault offense. Ms. Black first heard of the acts that
gave rise to the aggravated sexual assault offense. Thus,
appellant's hearsay objection was properly overruled. Furthermore,
the objection was not timely. The second point of error is
overruled.
Appellant asserts in his third point of error that he was
denied a fair trial when the State's first witness violated the
trial court's order in limine by informing the jury that appellant
had been charged with the extraneous criminal offense of driving
while intoxicated. The record on this issue reads as follows:
QMrs. Moore, I'm . . . one of the attorneys for
[appellant]. You and I have never talked, have we?
AWe might have.
QWhen was that?
AYou represented [appellant] on a DWI one time. I
don't remember whether we spoke during that period
of time or not.
QWhere do you work now, where is your part-time --
AI have a temporary position, I don't have a
fulltime position.
QWhere is it that you work?
Appellant did not object to the testimony now complained about. 
Thus the complaint was waived. Rule 52(a), Tex.Rules App.Proc. 
Moreover, appellant testified on direct examination that he had two
DWI convictions on his record. Point three is overruled.
On direct examination, appellant testified as follows:
QHave you ever been in trouble before other than
your DWI?
ANo, sir.
QYou've had two DWI's.
AYes, sir.
Then, during cross-examination, appellant gave this testimony:
QNow, your attorney, Mr. Thomas, asked you if you'd
ever had any other trouble, and I believe you
mentioned something about the DWIs. Anything else?
 ANo, sir.
QAny other arrests?
[APPELLANT'S ATTORNEY]: Your honor, I object
to that.
THE COURT: Sustained.
[APPELLANT'S ATTORNEY]: I think there's
certain areas he can certainly inquire of in that
regard, but not generally.
[PROSECUTOR]: My understanding was he asked
the question, was he ever in any other trouble
other than those DWI's, and he denied that. I
believe, you know, that matter has been opened up,
Judge.
THE COURT: Proceed, Counsel.
Q[Prosecutor:] You were charged with DWI. Is there
anything else you were charged with on that last
DWI?
AOn the last DWI?
QYes, sir.
AThey didn't charge me with nothing, no, sir.
QWere you carrying a pistol with you?
AThey didn't charge me with it, no, sir.
Appellant failed to object to the prosecutor's question
inquiring about the pistol. Rule 52(a) of the Texas Rules of
Appellate Procedure requires an objection in order to preserve a
complaint for appeal. Moreover, "the failure to object waives any
error in the admission of evidence tending to show an extraneous
offense." Smith v. State, 595 S.W.2d 120, 123 (Tex.Cr.App. 1980). 
Appellant also left a misleading impression on direct
examination regarding his prior "trouble" with police. This false
impression "opened the door" to an inquiry by the State as to the
truth of his testimony, allowing the State to "dispel the false
impression left by the accused as to his past, a subject that is
usually an irrelevant issue, collateral to the case, and thus
inadmissible." Prescott v. State, 744 S.W.2d 128, 131
(Tex.Cr.App.1988).
Finally, assuming the above was error it was harmless error
under rule 81(b)(2) of the Texas Rules of Criminal Procedure. 
Because of the direct testimony of the victim at trial which 
clearly and explicitly detailed all acts committed against her by
appellant, we find beyond a reasonable doubt that the error made no
contribution to the conviction or to the punishment. The fourth
point of error is overruled.
The judgments of conviction are affirmed.
 
                          VIC HALL
DO NOT PUBLISHJustice