Affirmed and Opinion filed August 25, 2005









Affirmed
and Opinion filed August 25, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

 
NOS. 14-04-00676-CR

           14-04-00677-CR

____________

 

BOBBY GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause Nos. 955,415;
955,416

 



 

O P I N I O N

Appellant, Bobby Garcia, appeals from his
conviction for indecency with a child and aggravated sexual assault of a
child.  On appeal, appellant contends
that (1) the trial court violated his right to confrontation when he was not
allowed to cross-examine one of the complainants regarding a subsequent sexual
abuse allegation she made against her father, and (2) the trial court erred in
admitting certain testimony of the complainants= mother into
evidence over a hearsay objection.  We
affirm.








Background

On September 7, 2002, Adelia Cavazos went
to her friend Anna Morales=s house to watch a
boxing match on television.  Cavazos took
her two daughters, V.C. (age nine) and B.C. (age ten), to the party with
her.  Appellant, Morales=s brother, also
attended the party. After the boxing match, Cavazos and several friends went to
a night club.  V.C. and B.C. fell asleep
in Morales=s bedroom, supervised by Morales=s mother.  V.C. awoke to appellant touching her breasts
underneath her clothing and touching her clothed buttocks.  B.C. awoke when appellant touched her stomach
and breasts.  Appellant then removed B.C.=s pants and
underwear and licked her vagina. 
Eventually, he put B.C.=s pants back on
and left the room.  After appellant left,
the girls called their mother to pick them up. 
Cavazos picked them up right away and took them home.  On the way home, the girls appeared nervous
but did not tell Cavazos what appellant had done to them that night.

Three weeks later, B.C. told a school counselor
about the incident.  The school counselor
immediately called Cavazos and relayed the events to Cavazos in B.C.=s presence.  B.C. and Cavazos then discussed the incident
and informed the police.

On June 28, 2003, V.C. and B.C. went to
Louisville, Kentucky to visit their father, Juan Castro.  While in Kentucky, V.C. made an allegation to
the Louisville Police Department that her father had touched her improperly on
her chest.  The police followed up with a
report and an investigation.  Castro
denied the allegation, and ultimately no charges were filed against him.

Appellant was charged with indecency with
a child and aggravated sexual assault of a child.  Appellant pleaded not guilty.  The jury found appellant guilty and assessed
punishment at imprisonment for life.

 

 








Confrontation
Clause

In his first
issue, appellant contends that the trial court erred in excluding certain
evidence.  At trial, appellant sought to
introduce evidence that V.C. had made a false accusation of sexual abuse
against her father.  The trial court
excluded this evidence and did not allow a cross examination of V.C. regarding
this accusation.

The Sixth
Amendment guarantees an accused in a criminal prosecution the right to confront
the witnesses against him.  U.S. Const. amend. VI; Davis v. Alaska,
415 U.S. 308, 315 (1974).  A criminal
defendant states a violation of the Confrontation Clause by showing that he was
prohibited from engaging in otherwise appropriate cross-examination designed to
show a prototypical form of bias on the part of a witness and thereby to expose
to the jury facts from which jurors could appropriately draw inferences
relating to the reliability of the witness. 
Olden v. Kentucky, 488 U.S. 227, 231 (1988).  We weigh each Confrontation Clause issue
on a case-by-case basis, taking into account the defendant=s right to
cross-examine and the risk factors associated with admission of the
evidence.  Lopez v. State, 18
S.W.3d 220, 222 (Tex. Crim. App. 2000). 
The trial court has broad discretion to impose reasonable limits on
cross-examination to avoid harassment, prejudice, confusion of the issues,
endangering the witness, and the injection of cumulative or collateral
evidence.  Id.








Ordinarily,
specific instances of a witness=s misconduct may
not be used to demonstrate a witness=s untrustworthy
nature.  Id. at 225; Tex. R. Evid. 608(b).  However,
the  Confrontation Clause may
occasionally require admissibility of evidence that the Rules of Evidence would
exclude.  Lopez, 18 S.W.3d at
225.  In determining whether evidence
must be admitted under the Confrontation Clause, the trial court must balance
the probative value of the testimony against the risk its admission
entails.  Id. at 222.  For evidence of extraneous allegations to be
admissible to impeach the credibility of the complaining witness, and thus have
a probative effect, there must be a showing that the accusations were false.  Lape v. State, 893 S.W.2d 949, 956
(Tex. App.CHouston [14th Dist.] 1994, pet. ref=d); Hughes v.
State, 850 S.W.2d 260, 262 (Tex. App.CFort Worth 1993,
pet. ref=d).

Here, appellant
sought to demonstrate the falsity of the subsequent allegation through the
testimony of Juan Castro, who denied he sexually assaulted his daughter, as
well as by the fact that no charges were filed after a police
investigation.  Simple denial testimony
is insufficient to establish falsity because it is inherently self-serving and
unreliable.  Quinn v. Haynes, 234
F.3d 837, 850 (4th Cir. 2000 ); see also Karnes v. State, No.
05-92-02719-CR, 1994 WL 67725, at *1-2 (Tex. App.CDallas March 4,
1994) (not designated for publication) (holding the trial court did not abuse
its discretion in excluding evidence where the only evidence of false
accusations was the denial by the persons accused and their assertions that
they were not prosecuted).  Additionally,
the dismissal of charges against Castro does not prove that the allegations
made by V.C. were false.  See Lopez, 18
S.W.3d at 222 (finding where charges dropped, this could simply indicate a lack
of evidence to prove the allegation at that time, or an administrative decision
that, despite the allegation=s validity, the
parties would best be served by closing the case); see also Hughes v. Raines,
641 F.2d 790, 792 (9th Cir. 1981) (holding defendant=s denial and the
non-prosecution of another for a rape alleged by the same complaining witness
does not demonstrate falsity).

Thus, we hold that
the trial court did not abuse its discretion because the proffered evidence
does not establish falsity.  Without
proof that the allegation against Juan Castro was false, the evidence would
have had no probative value in impeaching V.C.=s testimony and
would have served only to unduly prejudice and confuse the jury.  See Lopez, 18 S.W.3d at 226.  Accordingly, we overrule appellant=s first point of
error.

Hearsay Objection








In appellant=s second issue, he
argues that the requirements of Texas Code of Criminal Procedure article 38.072
were not met regarding Adelia Cavazos=s testimony, and
therefore, the trial court erred in admitting the testimony into evidence.  Adelia Cavazos testified that during the
meeting in the school counselor=s office, B.C.
told what appellant had done to her. 
First, appellant argues the trial court erred in failing to hold an
article 38.072 hearing outside the presence of the jury to determine if Cavazos=s statement was
reliable.  Second, appellant argues the
trial court erred in admitting Cavazos=s outcry statement
over appellant=s hearsay objection.

Before outcry
testimony is admissible, the Texas Code of Criminal Procedure  requires a trial court to find, Ain a hearing
conducted outside the presence of the jury, that the statement is reliable
based on the time, content, and circumstances of the statement.@  Tex.
Code Crim. P. Ann.
art. 38.072(2)(b)(2) (Vernon Supp. 2004). 
However, at trial, appellant=s only objection
to the testimony was on Ahearsay@ grounds.  This general objection does not preserve
error for review.  Lewis v. State, 664
S.W.2d 345, 349 (Tex. Crim. App. 1984) (stating that a general objection is
insufficient to preserve error); Martinez v. State, 732 S.W.2d 401, 403
(Tex. App.CHouston [14th Dist.] 1987, no pet.)
(holding that trial court=s failure to hold hearing was waived
because only objection was on Ahearsay@ grounds); see
also Cates v. State, 72 S.W.3d 681, 698 (Tex. App.CTyler 2001, no
pet.) (finding that to preserve error with respect to a court=s failure to
conduct an article 38.072 hearing, the appellant must have actually requested
the hearing).  Here, appellant did not
request a hearing, and therefore has waived any complaint regarding the lack of
a hearing.

Appellant next
argues that the trial court erred in overruling his hearsay objection because
Cavazos was an improper outcry witness. 
An appellate court reviews a trial court=s decision of
whether to exclude evidence under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615
(Tex. Crim. App. 2001).  An appellate
court will not reverse a trial court=s ruling unless
that ruling falls outside the zone of reasonable disagreement. Id.

The State argues
Cavazos=s objected-to
statements were not outcry statements. 
The relevant portion of the testimony follows:

Q: How were you alerted to the fact
that something happened?








A: [The school counselor] called me
on the phone and asked me if I could come down to the school. 

Q: And when you got to the school,
did you go to [the counselor=s] office?

A: Yes, I did.

Q: When you got there, who was in
her office?

A: B.C.

Q: Was V.C. there?

A: V.C. was outside of [the
counselor=s] office.

Q: Did you speak B who did you speak to first once
you arrived?

A: To [the counselor].

Q: Okay. Did she tell you what had
happened?

A: No. She told me that B.C. needed
to tell me something very important. 

Q: And did you speak to B.C.

A: Yes, I did. 

Q: And without telling the jury
what she said, can you describe her emotional demeanor to them?

A: She was very upset, nervous and
scared. So I tried to comfort her, let her know that it=s ok, whatever she needed to tell
me.

Q: What was she, in fact, telling
you about?

A: What Bobby Garcia [appellant]
had done to her.

[DEFENSE COUNSEL]: Excuse me. I
object to hearsay.

THE COURT: Overruled

Q: Go ahead and answer the
question.

A: She was telling
me about what Bobby Garcia had done to her and V.C.

Texas Code of
Criminal Procedure article 38.072 applies Aonly to statements
that describe the alleged offense that (1) were made by the child against whom
the offense was allegedly committed; and (2) were made to the first person, 18
years of age or older, other than the defendant, to whom the child made a
statement about the offense.@  Tex.
Code Crim. P. Ann.
art. 38.072(2)(a).








The phrase Astatement about
the offense@ means a statement that in some
discernible manner describes the alleged offense.  Garcia v. State, 792 S.W.2d 88, 91 (Tex.
Crim. App. 1990).  The statement must be
more than words which give a general allusion that something in the area of
child abuse was going on.  Id.  It is questionable whether Cavazos= statements were
sufficiently descriptive to amount to more than a general allusion to sexual
abuse.  See id. (finding that
where witness relayed statement by complainant that gave no specific details or
any description of the alleged offenses, the statements did not amount to more
than an allusion to abuse).  Regardless,
we find that their admission was harmless.

A reviewing court
must deem error harmless if, after reviewing the entire record, the court is
reasonably assured that the error did not influence the jury=s verdict or had
but a slight effect.  Josey v. State,
97 S.W.3d 687, 698 (Tex. App.CTexarkana 2003, no
pet.).  Any error in admitting evidence
is cured where the same evidence comes in elsewhere without objection.  See Hudson v. State, 675 S.W.2d 507, 511
(Tex. Crim. App. 1984); Duncan v. State, 95 S.W.3d 669, 671-72 (Tex.
App.CHouston [1st
Dist.] 2002, pet. ref=d).

Appellant argues
he was harmed by the error because the jury heard testimony about B.C.=s outcry from two
different adults, giving it more credibility. 
This argument fails because Cavazos= testimony did not
present the jury with any new information. 
See Elder v. State, 132 S.W.3d 20, 27-28 (Tex. App.CFort Worth 2004,
pet. ref=d) (finding that
although second outcry testimony did corroborate complainant=s testimony, there
was no harm because it was the same or similar to virtually all other admitted
evidence); West v. State, 121 S.W.3d 95, 105 (Tex. App.CFort Worth 2004,
pet. ref=d) (finding second
outcry testimony not harmful Ain light of the
complainant=s more detailed account of the assault@).  At trial, the school counselor testified that
after B.C. came to her office and told her about the incident she called B.C.=s mother.  The counselor testified as follows:

Q: Did her mother respond
immediately?

A: Yes. The mother came immediately
to the school. We sat down, the three of us, and we talked about what happened.


Q: OK. Did you ask B.C. to tell her
mother the story that she had just told you?








A: Yes, I did.

Q: Did she repeat the story?

A: Yes she did. 

The school
counselor=s testimony was not objected to at
trial.  Thus, appellant has failed to
show he suffered harm from the admission of Cavazos=s testimony.  Accordingly, we overrule his second issue.

The trial court=s judgment is
affirmed. 

 

 

 

 

 

/s/      Paul
C. Murphy      

Senior Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed August 25, 2005.

Panel consists of
Chief Justice Hedges and Justice Frost and Senior Chief Justice Murphy.[1]

Publish C Tex. R. App. P. 47.2(b).











[1]  Senior Chief
Justice Paul C. Murphy sitting by assignment.