NUMBER 13-05-721-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ELBA RAY BAILEY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 25th District Court of Lavaca County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Elba Ray Bailey, guilty of ten counts of aggravated sexual
assault and five counts of sexual assault. (1) The jury assessed punishment at 99 years'
imprisonment for the aggravated sexual assault counts and 20 years' imprisonment for the
sexual assault counts. The judge ordered the sentences to run concurrently. Appellant
asserts five issues on appeal. We affirm the trial court's judgment.

Background

 Appellant lived with a woman and her four children for several years. In January of
1999, Child Protective Services (CPS) received a report of child abuse and neglect
involving these children. One child, A.A., complained that appellant had touched her over
her nightgown one time; however, all the children denied any other forms of abuse. CPS
validated the abuse and imposed a safety plan on the family, which prohibited any contact
between the children and appellant. In May of 1999, CPS investigated a new report of
abuse concerning the children, learning in the process that appellant had continued to live
with the children after the safety plan was imposed. A.A. was given a sexual assault
examination, which revealed physical evidence of sexual abuse. A.A. asserted that
appellant had sex with her on multiple occasions. After learning of the results of A.A.'s
examination, D.A., A.A.'s sister, asserted that appellant also had sex with her on multiple
occasions. The criminal counts appellant was found guilty of stem from A.A.'s and A.D.'s
allegations of sexual abuse.

Issue One

1. Appellant's Complaint

 Appellant filed a "Motion to Appoint an Investigator and a Child Psychologist." The
trial court determined that this pretrial motion should be partially granted and partially
denied. The court ordered "that an investigator can be hired to assist Defense Counsel"
and that "the request for appointment of a Child Psychologist is denied." Appellant claims
the trial court erred in denying his request for the appointment of a child psychologist. 
According to appellant's motion:

 A child psychologist needs to be appointed by the Court to interview the
children, in addition to an investigator, to determine if the children were
unduly influenced by Child Protective Services. The children . . . made
written statements that the Defendant had not sexually assaulted them
initially.

 

 The children accused the Defendant of sexual assault only after the Child
Protective Services worker began working with the children. The Defendant
believes that the children were telling the case worker what the case worker
had suggested she wanted to hear. The children were scared, lonely, and
wanted to return home. It was out of defense and self-preservation that the
accusations were made. Only by having a qualified child psychologist
investigate the circumstances under which the children made the allegation,
can the Defendant expect to receive a fair trial.


2. Applicable Law

 In Ake v. Oklahoma, the United States Supreme Court stated that the State must
provide a defendant with the basic tools to present his defense within our adversarial
system. (2) Under certain circumstances, the trial court may be required to appoint an expert
to assist the defense. (3) We review the trial court's denial of a request for appointment of
a defense expert under an abuse of discretion standard. The burden is on the defendant
to make a sufficient threshold showing of the need for the expert's assistance. (4) Under Ake,
appellant had the burden to make a threshold showing that he had a particularized need
for an expert to address a significant issue at trial. (5) Such a showing typically consists of
affidavits or other evidence in support of a defensive theory, an explanation as to the
nature of the defensive theory and why expert assistance would be helpful in establishing
that theory, or a showing that there is a reason to question the State's expert and proof. (6) 
It is insufficient to offer "little more than undeveloped assertions that the requested
assistance would be beneficial." (7)

3. Discussion

 Appellant's motion was discussed at a pretrial hearing, at which time the trial judge
told appellant's counsel: "I am going to deny your motion to have a psychologist appointed
to examine these children. I think they have been probably unfortunately examined more
than they probably want to be." The trial judge did, however, appoint an investigator for
the purpose of talking with the children, collecting information from them, and determining
if they had been unduly influenced. We find that appellant has not made a sufficient
threshold showing that only a child psychologist, and not an investigator, could have
succeeded in this capacity. Furthermore, the necessity of a psychologist was further
diminished by appellant's opportunity to prove up his theory of undue influence by cross-examining the children, as well as the CPS workers that interviewed them, at trial.

 We conclude that the trial court did not abuse its discretion in impliedly concluding
that appellant failed to show he had a particularized need for a child psychologist to
address a significant issue at trial. Therefore, the trial court did not abuse its discretion by
denying appellant's request to appoint a child psychologist. Accordingly, we overrule
appellant's first issue.

Issue Two

 Article 38.072 in the code of criminal procedure creates a statutory exception to the
general rule excluding hearsay evidence for a child abuse victim's initial outcry statement
made to the first person 18 years of age or older, other than the defendant, to whom the
child made a statement about the offense. (8) Before the outcry statement is admissible,
however, several requirements must be satisfied. Appellant asserts that these
requirements were not satisfied when the State relied on Marilyn Drozd's testimony as an
outcry witness; this assertion is conceded by the State. The State argues, however, that
appellant has waived this issue by his failure to object to Drozd's testimony at trial. Our
own review of the record reveals that appellant made no objection to Drozd's testimony. 
Contrary to appellant's contention that failure to comply with article 38.072 constitutes a
fundamental error which cannot be waived on appeal, courts have long held that a
defendant waives error when he fails to object to the State's failure to comply with the
requirements of article 38.072. (9) We thus find that appellant has not preserved this issue
for appeal. Appellant's second issue is overruled.

Issue Three

1. Appellant's Complaint

 While appellant's trial counsel was cross-examining Marilyn Drozd, a CPS
employee, Drozd stated that she and Elida Perez were the only CPS employees that
interviewed the children on behalf of the State. Drozd then revealed that audiotapes and
videotapes were produced during those interviews, and that CPS had made these items
available to the State. Counsel then asked to approach the bench, which led to the
following exchange:

 [Appellant's Counsel]: I don't know how to handle this, but I had filed a
motion for discovery. I had been asking for these things and I haven't been
given those audiotapes. I haven't been given those videotapes and I think
I should have been given them.


 The Court: Well, let's get them.


 [Prosecutor]: I do not have them.


 The Court: You don't have them. Where are they?


 [Prosecutor]: I assume they are still with the Department. We have never
had them. We will get them.


 The Court: Would it be alright if we get them in the morning?


 [Appellant's Counsel]: Sure. I just think I ought to have the benefit of seeing
them.


 The Court: Yeah, you ought to be able to hear them. Sure.


On appeal, appellant asserts that the State's failure to produce the audiotapes and
videotapes violated defendant's due process rights. (10)

2. Applicable Law

 To find reversible error under Brady, a defendant must show that: (1) the State
failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the
withheld evidence is favorable to him; and (3) the evidence is material, that is, there is a
reasonable probability that had the evidence been disclosed, the outcome of the trial would
have been different. (11) Under Brady, the defendant bears the burden of showing that, in
light of all the evidence, it is reasonably probable that the outcome of the trial would have
been different had the prosecutor made a timely disclosure. (12) "The mere possibility that
an item of undisclosed information might have helped the defense, or might have affected
the outcome of the trial, does not establish 'materiality' in the constitutional sense." (13)

3. Discussion

 Assuming, arguendo, that appellant preserved this issue for review, (14) we find that
appellant has failed to bring forth any evidence to show that the videotapes and audiotapes
are favorable to him. Without such evidence, appellant has not proven reversible error
under Brady. Appellant's third issue is overruled.

Issue Four

 Appellant complains that the trial judge made two comments to the jury that
improperly prejudiced appellant by tainting his presumption of innocence. The State
asserts that appellant failed to object to both comments, and has thus failed to preserve
this issue for appellate review. We agree with the State. Because appellant did not object
to the trial judge's comments, we find that appellant has waived this issue. (15) Appellant's
fourth issue is overruled.

Issue Five

 Appellant contends that the trial court's judgment should be reversed and remanded
for a new trial because the trial court failed to instruct the jury that it must find beyond a
reasonable doubt that appellant committed extraneous offenses before it could consider
evidence of such offenses in assessing punishment.

 During the punishment phase of trial, the State may offer evidence of the
defendant's extraneous offenses that are "shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible." (16) If extraneous-offense evidence is admitted during the punishment phase
of trial, then the trial court is required to give the jury a reasonable-doubt instruction even
if none is requested by defense counsel. (17) In the instant case, the jury charge contained
no such instruction.

 The State rightly contends, however, that it is not required to prove beyond a
reasonable doubt those offenses for which a defendant has already been convicted. (18) In
the instant case, the only punishment evidence presented by the State was judgments
from appellant's prior misdemeanor convictions. These misdemeanors had already been
adjudicated. Therefore, these misdemeanors were not extraneous offenses or bad acts,
and the trial court was not required to give a reasonable doubt instruction. (19) We thus
overrule appellant's final issue.

Conclusion

 We affirm the trial court's judgment.




 


 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 30th day of August, 2007.

1. See Tex. Penal Code Ann. §§ 22.011(Vernon 2003), 22.021 (Vernon Supp. 2006).
2. See Ake v. Oklahoma, 470 U.S. 68, 77 (1985).
3. See Griffith v. State, 983 S.W.2d 282, 286-87 (Tex. Crim. App. 1998).
4. Id. at 286-87.
5. See id.; Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996).
6. Rey v. State, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995).
7. Moore, 935 S.W.2d at 130 (quoting Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985)).
8. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2006).
9. See Rodriguez v. State, 762 S.W.2d 727, 731 (Tex. App.-San Antonio 1988, pet. dism'd) (citing
Hightower v. State, 736 S.W.2d 949, 953 (Tex. App.-Eastland 1987), aff'd, 822 S.W.2d 48 (Tex. Crim. App.
1991); Martinez v. State, 732 S.W.2d 401, 403 (Tex. App.-Houston [14th Dist.] 1987, no pet.)).
10. See Brady v. Maryland, 373 U.S. 83, 87 (1963).
11. Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).
12. Id.
13. United States v. Agurs, 427 U.S. 97, 109 (1976).
14. The State argues that appellant has not preserved this issue because "Appellant never formally
objected to not being given the videotapes and audiotapes. Rather, Appellant simply approached the trial
judge and asked for the videotapes and audiotapes. Moreover, Appellant failed to obtain a contrary ruling." 
Furthermore, the State observes that nothing in the record indicates that defense counsel did not receive the
tapes the next morning.
15. See Hovila v. State, 562 S.W.2d 243, 249 (Tex. Crim. App. 1978).
16. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon 2006).
17. See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).
18. See Bluitt v. State, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004).
19. Id.