**Manuel MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–134–CR.**

Court of Appeals of Texas,
Austin.

March 14, 1990.

Motion to Publish Opinion Granted
April 11, 1990.

Linda Icenhauer–Ramierz, Austin, for appellant.

Ronald Earle, Dist. Atty. and Terrence Keel, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

PER CURIAM.

A jury found Manuel Mendoza guilty of aggravated sexual assault, and the trial court assessed punishment (enhanced) at life imprisonment. Tex.Pen.Code Ann. § 22.021 (1990). Appellant's two points of error allege erroneous admission of evi-

dence at trial. We will affirm the judgment of the trial court.

Appellant first complains of error in permitting the State's expert witness to read a portion of an FBI manual into evidence. Donna Stanley, a serologist with the Department of Public Safety, testified regarding tests she ran on items of evidence submitted to her by the Austin police. The results of her tests revealed no presence of sperm fluid in the victim's mouth or vagina, but Stanley testified that such negative findings were not unusual in sexual assault cases. One of the manuals Stanley relied upon as an authoritative source for this proposition is a scientific publication of the Federal Bureau of Investigation. The manual contains a study and analysis of sexual assault evidence compiled from various police labs across the country. After a voir dire examination of the witness, the trial court allowed Stanley to read into evidence a portion of an article written by a Larry Brown from a Virginia FBI laboratory.

■ A witness may read into evidence, either on direct or cross-examiantion, parts of a treatise, periodical, or pamphlet, assuming that the witness is an expert in the relevant area and establishes by her testimony that the publication is a reliable source in her field. Tex.R.Cr.Evid.Ann. 803(18) (Pamph.1990). *See Zwack v. State,* 757 S.W.2d 66, 68–9 (Tex.App.1988, pet. ref'd).

■ Appellant objected to this evidence because Stanley admitted she knew nothing about Larry Brown, one of the authors who contributed to the manual, and because the State had not established that Larry Brown was a recognized authority. However, Rule 803(18) does not require that the State show the publication was written by an authority but requires instead that the expert witness relies on it and considers it a reliable authority in the field. The State established Stanley as an expert, and Stanley testified she considered the FBI publication to be an authoritative source in her field. The fact that Stanley did not know the author or credentials of a particular article of the publication does not vitiate

compliance with the rule. Appellant's first point of error is overruled.

■ Appellant's second point of error complains that certain statements made by the victim in the case, in response to questions on direct examination, should not have been admitted into evidence. Appellant's trial counsel, however, did not object to the questions or answers at trial. Absent a proper objection, no error is preserved for review. Tex.R.App.P.Ann. 52(a) (Pamph.1990); *Niehouse v. State*, 761 S.W.2d 491, 494 (Tex.Cr.App.1988).

The judgment of the trial court is affirmed.

Affirmed.

GAMMAGE, J., not participating.