**Kum Cha SHUGARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–90–319–CR.

Court of Appeals of Texas, Austin.

Aug. 30, 1991.

J.W. Howeth, Austin, for appellant.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of prostitution. Tex.Pen.Code Ann. § 43.02 (1989). The court assessed punishment at incarceration for sixty days and a $200 fine, probated.

Appellant's single point of error is that the court erred by refusing to allow defense counsel to take the State's only witness on voir dire before permitting him to testify to the situs of the offense.

Q Now, all of the facts you've testified to today, did they happen in Austin, Travis County, Texas?

Mr. Howeth: Your Honor, we'll object to that.

The Court: Overruled.

Mr. Howeth: If I may, Your Honor, I'd like to take the witness on voir dire to establish the basis of his testimony.

The Court: Denied.

Mr. Howeth: We'd like to take him on voir dire under Rule 602, Your Honor. He has to have personal knowledge or something. He can't just pontificate it, Your Honor.

The Court: Denied.

The witness answered the question in the affirmative.

Appellant argues that his request to voir dire the witness should have been granted under Tex.R.Cr.Evid.Ann. 103(c) (Pamph. 1991). Rule 103(c) provides:

In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

This rule is an admonition to conduct trials in such a manner as to prevent the jury from receiving evidence until any question concerning its admissibility is resolved. For example, if a hearing is necessary to determine the admissibility of certain testimony, that hearing should be conducted outside the jury's presence. We do not

understand the rule to require a hearing outside the jury's presence in the absence of any reasonable ground for believing that the testimony is inadmissible.

All testimony must be based on the personal knowledge of the witness. Tex.R.Cr. Evid.Ann. 602 (Pamph.1991). When there is some reason to doubt whether the witness possesses the requisite personal knowledge, it may be appropriate for the court to afford the opposing party a chance to take the witness on voir dire. But it is neither reasonable nor practical to permit such voir dire when there is no apparent reason for doubting that the witness is testifying from personal knowledge.

In the instant cause, counsel did not object that the witness lacked personal knowledge nor did he state any basis for doubting that the witness had personal knowledge. Appellant's brief does not refer this Court to anything in the record that suggests a want of personal knowledge. The trial court did not abuse its discretion by overruling the apparently baseless request to voir dire the witness.

The judgment of conviction is affirmed.