**Osborn Ernie WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-91-180-CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1991.

Discretionary Review Refused
March 4, 1992.

Elijah Gooden, III, Randy Schaffer, James Leitner, Houston, for appellant.

John Holmes, Jr., Dist. Atty., Houston, for appellee.

Before KENNEDY, DORSEY and HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

A jury found Osborn Ernie Wilson guilty of possessing cocaine, and the trial court sentenced him to 45 years in prison. By one point of error, appellant asserts that he is entitled to a new trial because of intentional prosecutorial misconduct. We affirm the trial court's judgment.

Appellant complains about the State's cross-examination of appellant's witness, Kevin Duffie, during the guilt-innocence phase of trial. Specifically, appellant claims that the prosecutor deliberately, repeatedly, and in bad faith inferred to the jury that appellant had four felony convictions. Duffie testified for the appellant about events occurring the night appellant was arrested. In addition, he testified about appellant's character. The prosecutor, during cross examination, elicited testimony from Duffie about his felony probation. Appellant asserts that the prosecutor engaged in intentional misconduct during the following cross and recross examinations of Duffie:

Cross Examination

Q. [Prosecutor]: And one of those terms and conditions [of your probation] as I understand them is to avoid persons and places of disreputable character, is that correct? Harmful or disreputable character?

[Defense Counsel]: Objection, Your Honor.

A. Yes.

[Trial Court]: Sustain the objection to the question.

Q. [Prosecutor]: And you have known Mr. Osborn Wilson for the last 20 years?

A. Say about that long.

Q. And you still hang around with him even though you're on felony probation?

A. Yes.

Q. And you'd like to see your friend get off today, wouldn't you?

[Defense Counsel]: Objection, Your Honor.

[Trial Court]: I'll let him answer the question.

Q. Wouldn't you?

A. Yes.

\*     \*     \*     \*     \*     \*

Recross Examination

Q. [By Prosecutor]: So that we know what you consider a person of harmful or disreputable character.

Hypothetically speaking, if a person had been convicted of burglarizing a motor vehicle twice and robbing somebody and aggravated assault on a police officer, would you consider that person to be a harmful or disreputable character?

[Defense Counsel]: Objection, Your Honor. I fail to see the relevance of the—

[Trial Court]: Sustain the objection.

Q. [By Prosecutor]: And you've known Mr. Wilson your entire life?

[Trial Court]: He testified he grew up with him.

[Defense Counsel]: Objection, Your Honor.

[Trial Court]: He said—he testified he already grew up with him.

[Prosecutor]: Nothing further.

\*     \*     \*     \*     \*     \*

■ The proper method of preserving error in cases of prosecutorial misconduct is to 1) object on specific grounds, 2) request an instruction that the jury disregard the comment, and 3) move for a mistrial. *Barnes v. State*, 716 S.W.2d 684, 686 (Tex. App.—Corpus Christi 1986, pet. ref'd) (citing *Koller v. State*, 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975)). The trial court's instruction to disregard can render testimony referring to or implying extraneous offenses the defendant allegedly committed harmless. *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Crim.App.1979). Based on this general rule for preserving error, appellant is barred from complaining about the prosecutor's cross and recross examinations of Duffie. The record shows that appellant timely objected and that the trial court sustained the objections. However, the trial court did not instruct the jury to disregard because appellant never requested an instruction. Thus, appellant received all of the relief he requested, and nothing is preserved for review. *Norwood v. State*, 737 S.W.2d 71, 73 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd); *Barnes*, 716 S.W.2d at 686.

Appellant asserts, however, that he has not waived his right to complain on appeal because the cross examination and recross examination of Duffie were a result of the prosecutor's intentional misconduct, which rendered his trial fundamentally unfair. Appellant, in support of his position, relies on *Rogers v. State*, 725 S.W.2d 350 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

■ When cross examining a character witness, the State is permitted to ask "do you know" or "have you heard" questions about a defendant's specific acts of misconduct. *Henderson v. State*, 617 S.W.2d 697, 699 (Tex.Crim.App.1981). However, the question must not be framed so that it implies the act has actually been committed, *i.e.* an assertion of the truth of the matter. *Id.* The long-established rule governing prosecutions for crime in Texas is that the accused is to be tried upon the merits of each case alone, and proof of extraneous crimes or of specific acts of misconduct by the accused is generally not admissible. *Rogers*, 725 S.W.2d at 358–59 (citing *Mounts v. State*, 148 Tex.Crim. 177, 185 S.W.2d 731, 734 (App.1945)).

■ Generally, the mere asking of an improper question will not constitute reversible error. Usually, either a withdrawal of the question or an instruction to disregard cures an improper question or renders it harmless. *Rogers*, 725 S.W.2d at 359. However, there is an exception to this rule. *In extreme cases*, when the question is obviously harmful to the defendant, or when the suggestive question is without evidentiary foundation and is clearly calculated to inflame the minds of the jurors, the question being of such character that it is practically impossible to withdraw the impression produced in the minds of the jurors, improper questioning by the prosecutor may be reversible error. *Id.* (citing *Henderson*, 617 S.W.2d at 700).

We note the *Rogers* court held that only in extreme cases of serious and continuing prosecutorial misconduct that undermines the factfinding process, resulting in deprivation of fundamental fairness and due process of law, is the defendant entitled to a new trial, even though few objections have been perfected. *Id.*, at 360. The *Rogers* court found that although the defendant failed to properly preserve many errors resulting from the prosecutor's misconduct, impermissible prejudice permeated the entire record. *Id.* The court held that the pronounced and persistent prejudice was so extensive that even frequent instructions to disregard would not have sufficed to remove the prejudice, and probably had a cumulative effect upon the jury. *Id.*

■ In determining whether the error is reversible or harmless, we trace the impact of the error on the jury in light of the existence of the other evidence. *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim. App.1989). We focus our attention on

whether the error at issue might possibly prejudice the jurors' decision-making, and whether the jurors were able, properly, to apply the law to the facts in order to reach a verdict. *Orona v. State,* 791 S.W.2d 125, 130 (Tex.Crim.App.1990). It is the effect of the error, if any, not the existence of overwhelming evidence or the lack thereof that dictates our judgment. *Id.*

In this case, although the prosecutor may have asked improper questions, we conclude that there was not a willful and calculated effort on the part of the prosecutor to deny appellant a fair and impartial trial. *See Johnson v. State,* 604 S.W.2d 128, 135 (Tex.Crim.App.1980). We find that had an instruction been given in this instance it would have been sufficient to cure any error. *Davis v. State,* 642 S.W.2d 510, 512 (Tex.Crim.App.1982). Finding no reversible error, we overrule appellant's point of error.

We affirm the trial court's judgment.