Jones v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-369-CR





ANTHONY QUINN JONES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 92-079-K368, HONORABLE BURT CARNES, JUDGE PRESIDING



 





 A jury found appellant Anthony Quinn Jones guilty of burglary of a habitation and
assessed punishment at imprisonment for life. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended)
(hereinafter "former section 30.02"). Appellant challenges his conviction by two points of error. 
Appellant's first point of error challenges the trial court's jury instruction on reasonable doubt,
and his second point of error complains that he was denied a fair trial because of the prosecutor's
improper cross-examination. We will affirm the conviction.

 Early on the morning of December 4, 1992, Amanda Flores was awakened by the
sound of a rattling doorknob and, upon investigating, found a man entering the kitchen door of
her Cedar Park home. Flores turned on a light, ordered the man to leave, and called 911 after
the intruder complied. Shortly thereafter, the Cedar Park police arrested appellant in Flores'
garage, and Flores identified appellant as the intruder. At trial, appellant testified that he had
been drinking steadily on December 3, 1992, beginning shortly after 4 p.m. Appellant claimed
that he blacked out some time late that night and woke up the next morning in a jail cell with no
recollection of the events surrounding his arrest. At trial, appellant contended that his extreme
intoxication disproved the requisite element of intent for burglary. (1)

 In his first point of error, appellant alleges that the trial court's instruction to the
jury on reasonable doubt violated "the Due Process Clause of United States Constitution." (2) 
Appellant concedes that the trial court's instruction conformed exactly to the requirements set out
in Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). In Geesa, the Court of
Criminal Appeals set out a definitional instruction on reasonable doubt and held that it must be
given to the jury in all criminal cases. (3) Id. Appellant contends that the Geesa instruction
insufficiently emphasizes the presumption of innocence and, by describing a reasonable doubt as
one that would make a reasonable person hesitate to act in the most important of his own affairs,
injects "a time factor into [the jury's] thought process that clearly discourages a careful
consideration of the evidence."

 We reject appellant's challenge to the trial court's charge because appellant failed
to preserve the question for review in this Court. At trial, appellant did not object to the portion
of the charge concerning reasonable doubt. Absent a timely and specific objection at trial, a party waives appellate review of trial court error. Tex. R. App. P. 52(a); Lawson v. State, 854
S.W.2d 234, 239 (Tex. App.--Austin 1993, pet. ref'd).

 Appellant argues that the trial court committed fundamental error by including the
Geesa instruction in the charge. In criminal cases, we may review an allegation of fundamental
error in the trial court's charge even though the defendant failed to object to the charge at trial. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). We will reverse a conviction
for fundamental error only upon a showing of harm so egregious as to deny the defendant a fair
and impartial trial. Id. We hold that the trial court did not commit fundamental error by giving
the Geesa instruction to the jury. In mandating the use of the Geesa instruction, the Court of
Criminal Appeals determined that the instruction comported with the Due Process Clause of the
Fourteenth Amendment to the United States Constitution. Geesa, 820 S.W.2d at 162 n.12. It is
not our place to question an explicit command of the Court of Criminal Appeals. Campbell v.
State, 765 S.W.2d 817, 823 (Tex. App.--San Antonio 1988, pet. ref'd); see Abdnor v. Ovard, 653
S.W.2d 793, 793 (Tex. Crim. App. 1983). Any change in the Geesa standard must come from
the Court of Criminal Appeals or the Supreme Court of the United States. Appellant's first point
of error is overruled.

 In his second point of error, appellant complains that he was deprived of a fair trial
because the prosecutor, while cross-examining him, asked improper questions that inflamed the
jury. Specifically, appellant complains that the prosecutor twice included improper details about
his prior offenses while questioning him for the purpose of impeachment. On the first occasion,
the prosecutor asked appellant: "Did you blank out on one [prior offense] where you went into
a fast food place and jump [sic] over the counter?" The prosecutor also asked whether appellant
had sniffed glue before committing a prior offense.

 We need not evaluate the merits of appellant's arguments because he has waived
review of any error from the prosecutor's questions. Although appellant properly objected to the
question concerning his alleged use of glue, he never obtained a ruling on his objection. (4) If a party fails to request a ruling on an objection, there is no trial court error for this Court to
review. Tex. R. App. P. 52(a); Lawson, 854 S.W.2d at 239. The trial court sustained appellant's
objection to the prosecutor's question concerning the prior offense in which appellant jumped the
counter at a fast food restaurant. However, appellant neither asked the trial court to instruct the
jury to disregard the question nor moved for a new trial. Consequently, appellant received all the
relief that he requested. When a defendant obtains all the relief he requests, no error is preserved
for our review. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). To preserve error
based on prosecutorial misconduct, the defendant must object on specific grounds, request an
instruction that the jury disregard the comment, and move for a mistrial. Wilson v. State, 819
S.W.2d 662, 664 (Tex. App.--Corpus Christi 1991, pet. ref'd). By failing to request that the trial
court instruct the jury to disregard improper conduct, a defendant waives any error based on that
conduct. Id.; Bigley v. State, 831 S.W.2d 409, 413 (Tex. App.--Austin 1992), aff'd, 865 S.W.2d
26 (Tex. Crim. App. 1993).

 Even if appellant had properly preserved error based on the prosecutor's conduct,
the circumstances presented here would not warrant a reversal of the conviction. Asking an
improper question, without more, seldom requires a mistrial. Swallow v. State, 829 S.W.2d 223,
227 (Tex. Crim. App. 1992); Hernandez v. State, 805 S.W.2d 409, 413 (Tex. Crim. App. 1990). 
Any harm from an improper question can almost always be cured by an instruction to disregard. 
Hernandez, 805 S.W.2d at 413-14. An improper question requires a mistrial only when the
question is "clearly calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on their minds." Id. at 414
(citing Gonzales v. State, 685 S.W.2d 47, 49 (Tex. Crim. App.), cert. denied, 472 U.S. 1009
(1985)). After reviewing the record, we conclude that the questions at issue were not sufficiently
inflammatory to prejudice the jury against the appellant, and any harm resulting from the
questions could have been cured by an instruction from the trial court to disregard them. We
overrule appellant's second point of error.


 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: October 19, 1994

Do Not Publish
1. To obtain a burglary conviction, the State must prove that the defendant had the intent to
commit a felony or theft. Former section 30.02(a).
2. We assume that appellant refers to the Due Process Clause of the Fourteenth Amendment
to the United States Constitution, since the Fifth Amendment Due Process Clause applies only to
the federal government.
3. The instruction provides, in relevant part:

 

 A "reasonable doubt" is a doubt based on reason and common sense after a
careful and impartial consideration of all the evidence in the case. It is the kind
of doubt that would make a reasonable person hesitate to act in the most important
of his own affairs.


 Proof beyond a reasonable doubt, therefore, must be proof of such a convincing
character that you would be willing to rely and act upon it without hesitation in the
most important of your own affairs.


Geesa, 820 S.W.2d at 162.
4. Appellant claims in his brief that the trial court sustained this objection. Appellant
mischaracterizes the record. After appellant objected, the prosecutor agreed to refrain from
asking any further questions about the glue-sniffing incident. The prosecutor then resumed his
cross-examination, and appellant never asked the trial court to rule on the objection.