TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00185-CR






Curtis Manuel, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0953836, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 Appellant Curtis Manuel, Jr. appeals from the judgment of conviction entered after a jury
trial in which he was convicted of the offense of indecency with a child by contact. See Tex. Penal Code
Ann. § 21.11(a)(1) (West 1994). The trial court assessed punishment at imprisonment for ten years and
placed him on probation. In six points of error, appellant asserts that the trial court erred in admitting
inadmissible evidence. We will overrule appellant's points of error and affirm the trial court's judgment.

 Appellant's first four points of error complain of the admission of hearsay evidence. 
Hearsay is not admissible except as provided by statute or the rules of evidence. Tex. R. Crim. Evid. 802. 
Hearsay statements of child abuse victims may be an exception to the general rule excluding hearsay. See
Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1997); Dorado v. State, 843 S.W.2d 37, 38 (Tex.
Crim. App. 1992); Villalon v. State, 791 S.W.2d 130, 135-36 (Tex. Crim. App. 1990); Nelson v. State,
893 S.W.2d 699, 702-3 (Tex. App.--El Paso 1995, no pet.); Jones v. State, 817 S.W.2d 854, 857
(Tex. App.--Houston [1st Dist.] 1991, no pet.).


Art. 38.072 Hearsay Statement of Child Abuse Victim


Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of
the following provisions of the Penal Code, if committed against a child 12 years of age or
younger.

 (1) Chapter 21 (Sexual Offense) or . . .;

 (2) . . .

 (3) . . .

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

 (1) were made by the child against whom the offense was allegedly committed; and

 (2) were made to the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense.

 (b) A statement that meets the requirements of Subsection (a) of this article is not
inadmissable because of the hearsay rule if:

 (1) on or before the 14th day before the date the proceeding begins, the party
intending to offer the statement:

 (A) notifies the adverse party of its intention to do so;

 (B) provides the adverse party with the name of the witness through whom it
intends to offer the statement; and

 (C) provides the adverse party with a written summary of the statement;

 (2) the trial court finds, in a hearing conducted outside the presence of the jury, that
the statement is reliable based on the time, content, and circumstances of the statement;
and

 (3) the child testifies or is available to testify at the proceeding in court or in any
other manner provided by law.



Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp 1997).

 In his first two points of error, appellant argues that the hearsay testimony of the victim's
school counselor was not admissible because (1) the victim's mother was the "true outcry witness
contemplated by article 38.072." and (2) the statement the victim made to the school counselor and about
which the counselor testified not only described the alleged offense but included an offense committed
several months later, just before the outcry was made. Appellant failed to make trial objections on the
grounds presented in these points of error. Therefore the alleged errors were waived and appellant's
complaints were not preserved for appellate review. Martinez v. State, 822 S.W.2d 276, 278-79 (Tex.
App.--Corpus Christi 1991, no pet.); State v. Kaiser, 822 S.W.2d 697, 702 (Tex. App.--Fort Worth
1991, pet. ref'd); Asberry v. State, 813 S.W.2d 526, 528 (Tex. App.--Dallas 1991, pet. ref'd); Sandow
v. State, 787 S.W.2d 588, 595 (Tex. App.--Austin 1990, pet. ref'd); Mendoza v. State, 787 S.W.2d
502, 504 (Tex. App.--Austin 1990, pet. ref'd). Moreover, the record shows that the school counselor,
rather than the victim's mother, was qualified under the provisions of article 38.072 to testify about the
statement made to her by the victim. Also, the record reflects that the victim, sixteen years old at the time
of trial, testified and was a cogent witness. Appellant's first two points of error are overruled.

 In his third point of error, appellant urges that even though a trial objection was not made,
the trial court erred in admitting the school counselor's testimony because the trial court failed to comply
with the mandatory provisions of article 38.072, requiring the trial court to conduct a hearing and to find
that the victim's statement to the school counselor was reliable "based on the time, content, and
circumstances of the statement." Appellant cites Long v. State, 800 S.W.2d 545, 546 (Tex. Crim. App.
1990), urging that the Court of Criminal Appeals has held that strict compliance with 38.072 is mandatory
before a witness may testify about the victim's statement. See also Dorado v. State, 843 S.W.2d 37, 38
(Tex. Crim. App. 1992). However, in both of these cases the defendants made trial objections raising the
issue of the State's offer of hearsay testimony. Although we do not find such evidence in the record,
appellant's brief reveals that the State called the school counselor to testify about the victim's outcry
statement "having given proper notice to appellant of its intent to offer the statement, the name of the
witness through whom it intended to offer the statement, and a written summary of the statement." 
Appellant's failure to object to the testimony at trial waived the error in the court's failure to conduct the
hearing. Rodriguez v. State, 762 S.W.2d 727, 731 (Tex. App.--San Antonio 1988), pet. dism'd, 815
S.W.2d 666 (Tex. Crim. App. 1991); Martinez v. State, 732 S.W.2d 401, 403 (Tex. App.--Houston
[14th Dist.] 1987, no pet.). If appellant had made a trial objection to the testimony, it may have been the
State's duty to request the hearing. Long, 800 S.W.2d at 547; Dorado, 843 S.W.2d at 38; Nelson v.
State, 893 S.W.2d at 703. Because of the failure to preserve the claimed error, we overrule appellant's
third point of error.

 In his fourth point of error, appellant alleges the trial court erred in admitting the school
counselor's testimony pursuant to article 38.072 when the statute did not apply. Appellant contends the
statute did not apply because the victim was thirteen years old when the incident that caused her to go to
the school counselor and make the outcry statement occurred. Appellant made no trial objection to
preserve for review this point of error. However, on appeal, the State "concedes that the incident of sexual
abuse" that led the victim to seek out her school counselor "occurred after complainant's thirteenth
birthday." Nevertheless, the State argues that the point should be overruled because appellant did not
preserve the matter for review, the same evidence was admitted without objection through the testimony
of other witnesses, and the statement was admissible as an excited utterance.

 The offense alleged in the indictment and of which appellant was convicted was committed
more than eight months before the appellant's thirteenth birthday. Article 38.072 applies to proceedings
in the prosecution of offenses committed against children twelve years of age or younger. The statute does
not require that the outcry statement be made before the victim becomes thirteen years of age. Whether
the outcry statement made by a victim after becoming thirteen years of age may be admitted must be
determined by the circumstances of each case. Here the abuse of the victim continued frequently for
several months before she was thirteen years of age. About one month after reaching her thirteenth
birthday, the victim made the statement on the day following a traumatizing experience. We conclude that
in these circumstances the outcry statement the victim made to her school counselor concerning the alleged
offense was admissible under the provisions of article 38.072.

 Also, the outcry statement was admissible as an excited utterance, another exception to
the hearsay rule. A statement relating to a startling event is admissible when made while the defendant was
under the stress of excitement caused by the event. See Tex. R. Crim. Evid. 803(2). In determining
whether a statement is an excited utterance and admissible as an exception to the hearsay rule, each case
must be considered on its own facts. Fisk v. State, 432 S.W.2d 912, 914 (Tex. Crim. App. 1968); Jones
v. State, 772 S.W.2d 551, 555 (Tex. App.--Dallas 1989, pet. ref'd). The element of time is an important
factor to consider in determining admissibility but it is not the controlling factor. Statements made while the
declarant is still in the grip of excitement may be admissible even when appreciable time elapses between
the exciting event and the making of the statement. Id.; Penry v. State, 691 S.W.2d 636, 647 (Tex. Crim.
App. 1985); Tejeda v. State, 905 S.W.2d 313, 316 (Tex. App.--San Antonio 1995, pet. ref'd). The
paramount factor in making the admissibility determination is whether the declarant is still dominated at the
time the statement is made by emotions triggered by the event. Snellen v. State, 923 S.W.2d 238, 243
(Tex. App.--Texarkana 1996, pet. ref'd). The circumstances here are similar to those in Snellen. There
two offenses were alleged. One was committed while the victim was twelve years old and the other five
days after she became thirteen years old. The trial court over objection admitted testimony of an outcry
statement which included both offenses. The Sixth Court of Appeals held that the part of the outcry
statement relating to the first offense was admissible under article 38.072 and the remainder of the statement
relating to the second offense was admissible as an excited utterance.

 In this case, the victim told her school counselor of the abuse she had suffered for several
months. The counselor testified that the victim told her that appellant, who was her step-father, had the
night before entered her room clad only in a shirt, with an erection, and fondled her vaginal area. This
happened repeatedly through the night, perhaps as many as five times. The abuse stopped at about two
o'clock in the morning. The victim then blocked her bedroom door with furniture and armed herself with
a fork for protection. The abuse took place in the bedroom of the house the victim shared with appellant
and the rest of the family. The victim tried to tell her mother about the abuse while she was getting ready
for school, but appellant prevented her from being alone with her mother. Appellant drove the victim to
school. As soon as she got to school the victim left a note for the counselor, who had been her counselor
for two years. Although the counselor testified she talked to the victim sometime during the morning, the
victim testified it was near the end of the school day. The counselor testified that when she first saw the
child she was "scared, frightened, crying, visibly upset," and that she cried for five to eight minutes before
she could speak. The record shows that the victim, when she made the outcry to the counselor, was under
the stress of excitement caused by the event she related to her counselor. We conclude the outcry
statement made to the counselor was admissible as an excited utterance. See Hunt v. State, 904 S.W.2d
813, 815-17 (Tex. App.--Dallas 1995, pet. ref'd). To summarize, appellant failed to preserve for
appellate review the error claimed. Furthermore the outcry statement was admissible under both statutory
exceptions to the hearsay rule. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1997); Tex. R.
Crim. Evid. 803(2). Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts the trial court erroneously admitted testimony
of Texas Department of Human Services employees Amanda Van Hoozer, Suzie Tucker, and Janine
Melcer because they testified about matters of which they had no personal knowledge. See Tex. R. Crim.
Evid. 602; Shugars v. State, 814 S.W.2d 897, 898 (Tex. App.--Austin 1991, no pet.). Because
appellant made no trial objections on the ground of error urged in this point of error nothing was preserved
for appellate review. See Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1); Leppert v. State, 908
S.W.2d 217, 219 (Tex. Crim. App. 1995); Lawson v. State, 854 S.W.2d 234, 239 (Tex. App.--Austin,
1993 pet. ref'd). Appellant's fifth point of error is overruled.

 In his sixth point of error, appellant contends the trial court erred in admitting testimony of
other crimes, wrongs, or acts of appellant when such evidence constituted inadmissible "bad character"
evidence. Appellant designates the following portion of the record to demonstrate his contention.


Direct examination by State.


Q You said that you felt like your parents were real strict with you. Did they treat
you about like they treated the other kids, or did they treat you differently?


A I was always treated different, I guess because I was the oldest, but for other
reasons too.


Q In particular, did your dad treat you differently?


A Yes.


Q Okay. And can you explain how he treated you differently?


A After my mom got sick or while my mom was sick?


Q Before any of this started happening, when you would get in trouble, how did your
dad punish you?


A I would get a whipping.


Q Okay. And can you describe what the whippings were like?


 DEFENSE COUNSEL: Your Honor, I object. May we approach the 

 bench?


 THE COURT: Sustain the objection. It is not relevant. Proceed.


Q So you testified that your father treated you differently than the other kids. Did he
punish the other kids with a whipping?


A Yeah, we all got a whipping, but mine's was different because I had to take
everything off.


Q Okay.


 DEFENSE COUNSEL: Your Honor, I objected to this previously. We

 object again.


 THE COURT: Sustained.



Appellant's objections were sustained; he obtained all of the relief requested. There was no request for
the court to instruct the jury to disregard the testimony and no request for a mistrial. Generally, to preserve
a ruling for appellate review an adverse ruling must be obtained in the trial court. See Tex. R. App. P.
52(a); Powell v. State, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994); Netherly v. State, 692 S.W.2d
686, 701 (Tex. Crim. App. 1985). Appellant did not obtain an adverse ruling in the trial court. The sixth
point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: June 26, 1997

Do Not Publish












* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



the outcry
statement made to the counselor was admissible as an excited utterance. See Hunt v. State, 904 S.W.2d
813, 815-17 (Tex. App.--Dallas 1995, pet. ref'd). To summarize, appellant failed to preserve for
appellate review the error claimed. Furthermore the outcry statement was admissible under both statutory
exceptions to the hearsay rule. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1997); Tex. R.
Crim. Evid. 803(2). Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts the trial court erroneously admitted testimony
of Texas Department of Human Services employees Amanda Van Hoozer, Suzie Tucker, and Janine
Melcer because they testified about matters of which they had no personal knowledge. See Tex. R. Crim.
Evid. 602; Shugars v. State, 814 S.W.2d 897, 898 (Tex. App.--Austin 1991, no pet.). Because
appellant made no trial objections on the ground of error urged in this point of error nothing was preserved
for appellate review. See Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1); Leppert v. State, 908
S.W.2d 217, 219 (Tex. Crim. App. 1995); Lawson v. State, 854 S.W.2d 234, 239 (Tex. App.--Austin,
1993 pet. ref'd). Appellant's fifth point of error is overruled.

 In his sixth point of error, appellant contends the trial court erred in admitting testimony of
other crimes, wrongs, or acts of appellant when such evidence constituted inadmissible "bad character"
evidence. Appellant designates the following portion of the record to demonstrate his contention.


Direct examination by State.


Q You said that you felt like your parents were real strict with you. Did they tr