No. 04-97-00286-CR



Freddy RUIZ,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court-at-Law No.7, Bexar County, Texas


Trial Court No. 626,082


Honorable Fred J. Moore, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 23, 1998


AFFIRMED



 Freddy Ruiz appeals an assault conviction for which he was sentenced to one year and fined
$ 2,000.00. Appellant's sentence was suspended and probated for two years. Ruiz raises six issues
on appeal. Issues one through four and six allege the trial court erred in excluding impeachment
evidence. In his fifth issue, Ruiz contends the trial court erred by allowing the State's prosecutor to
engage in prosecutorial misconduct. We overrule these issues, and affirm the judgment of the trial
court.

Statement of Facts

 Complainant, Dennette Buenrastro and appellant were married on February 23, 1994.
Subsequently, the two divorced in August of 1995. According to the record, Buenrastro saw her ex-husband at a San Antonio drugstore on January 13, 1996. At trial, she testified she was attempting
to pay for her purchases when she heard someone yell her name. Looking up, she recognized her ex-husband, the appellant. She described his tone of voice as being loud and angry.

 Buenrastro testified that Ruiz grabbed her left arm as she exited the store and walked her to
her car. Appellant then grabbed her other arm, and threatened her life. Buenrastro testified that she
was in pain while Ruiz held her. Buenrastro managed to get into her car while the appellant yelled
at her. After the incident, Buenrastro drove to her mother's house. Later, Buenrastro noticed bruises
on her arms where Ruiz had grabbed her.

Standard of Review

 Complaints regarding the admission or exclusion of evidence are subject to an abuse of
discretion standard of review. Araiza v. State, 929 S.W.2d 552, 554 (Tex. App.--San Antonio 1996,
pet. ref'd); Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.1993). A trial court abuses its
discretion when it "applie[s] an erroneous legal standard, or when no reasonable view of the record
could support the trial court's conclusion under the correct law and the facts viewed in the light most
favorable to its legal conclusion." DuBose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App.1996).


Impeachment Evidence

 On appeal, appellant asserts the trial court erred in specifically excluding impeachment
evidence which included the following: (1) a letter sent by appellant's ex-wife; (2) photographs; (3)
witness testimony; (4) psychologist records; and (5) a prior inconsistent statement of complainant.
Ruiz contends the evidence tendered would have raised a question concerning the credibility of his
ex-wife. He argues the exclusion of this evidence was in violation of his Sixth and Fourteenth
Amendment rights to a fair trial and due process of law.

 Evidence is deemed relevant if it has any tendency to make the existence of any fact that is
of consequence to the determination of the action more or less probable. Tex. R. Evid. 401. Whether
evidence is relevant is an issue left within the discretion of the trial court. Moreno v. State, 858
S.W.2d 453, 463 (Tex. Crim. App. 1993), cert denied, 510 U.S. 966 (1994). As a general rule, a
party is not entitled to impeach on a collateral matter. Ramirez v. State, 802 S.W.2d 674, 675 (Tex.
Crim. App. 1990). The test for a collateral matter is whether the cross-examining party would be
entitled to prove it as a part of the case to establish his or her plea. Id. An exception to the rule occurs
where the witness leaves a false impression on a matter relating to his or her credibility. Id. at 676.
This exception is operative only when the witness gratuitously testifies as to some matter that is
irrelevant. Booker v. State, 929 S.W.2d 57, 66 (Tex. App.--Beaumont 1996, pet. ref'd).

 A letter sent by Buenrastro to Ruiz was offered by the appellant at trial. According to this
letter, dated February 14, 1994, Buenrastro acknowledged the existence of Ruiz's daughter from a
previous relationship. At trial, she testified she did not know that Ruiz had a prior relationship and
had fathered a child from this relationship. Appellant sought to admit the letter into evidence to
impeach Buenrastro. The court sustained the State's objection based on relevancy and excluded the
letter.

 Admission of this letter would have constituted impeachment of Buenrastro on a collateral
matter. The record reflects that Buenrastro's knowledge of Ruiz's prior relationship was first
addressed on cross-examination. She did not freely or gratuitously raise the issue on her own.
Moreover, Buenrastro's knowledge of a prior relationship was not relevant to appellant's defense
against assault. As such, we find the exclusion of the letter by the trial court was not error. We
overrule appellant's second issue.

 Appellant also sought to admit into evidence photographs depicting damage to his home.
These photos consisted of the damage allegedly caused by Buenrastro to the interior of Ruiz's home.
On appeal, appellant alleges the photos served to depict Buenrastro's violent nature.

 Subject to Rule 412, character evidence on a pertinent trait of the victim can be offered by
the accused. Tex. R. Evid. 404(a)(2). However, such evidence is admissible only if some act of
aggression by the victim existed which the character evidence tends to explain. Campbell v. State,
885 S.W.2d 528, 531 (Tex. App.--El Paso 1994, no pet.). In this case, there was no evidence in the
record to suggest, and Ruiz did not assert, that Buenrastro committed an overt aggressive act which
justified his actions.(1) Because verbal testimony regarding Buenrastro's violent nature was
inadmissible, photos depicting her violent nature were also inadmissible. See Ramirez v. State, 815
S.W.2d 636, 646 (Tex. Crim. App. 1991) (stating photographs are admissible where the verbal
testimony explaining the matter depicted in photographs would also be admissible). For this reason,
we find the photos were properly excluded by the trial court. We overrule appellant's fourth issue.

 In his first and third issues, Ruiz contends the trial court erred in refusing to admit witness
testimony and evidence, specifically, psychologist's records, stemming from a 1994 assault
proceeding against him. Appellant sought to admit into evidence the testimony of Raul Arispe, a
notary public. Arispe took an August 1994 affidavit of Buenrastro which stated that she wrongly
accused Ruiz of assaulting her. Arispe's testimony was offered to impeach Buenrastro. Neither the
1994 affidavit or Arispe's testimony was admitted into evidence based on relevancy.

 Ruiz also attempted to admit into evidence psychologist records from Buenrastro's
psychologist, Dr. John Reid. Appellant asserts the records were relevant as to his ex-wife's
credibility as a witness. At trial, Ruiz contended the reports provided exculpatory information that
he did not assault his ex-wife in 1994. He alleged that in the reports, Buenrastro admitted to lying
about the 1994 assault allegation made against him. After conducting an in camera inspection of the
records, the trial court granted the State's motion to quash. The court's decision to exclude Dr.
Reid's records was based on relevancy.

 All matters relating to the 1994 incident were excluded by the trial court as evidence of a
collateral matter. In fact, neither the State nor the appellant were permitted to enter evidence on the
prior assault based on relevancy. As seen from the record, the trial court prevented appellant from
indirectly doing what he could not do directly. The 1994 affidavit was not admitted. Therefore, any
testimony regarding the contents of the affidavit were also excluded. We find the trial court did not
abuse its discretion in excluding Arispe's testimony regarding the 1994 affidavit signed by
Buenrastro.

 In accord with its rulings on other evidence relating to the 1994 assault, the trial court did
not admit Dr. Reid's records. We do not find the refusal to admit the psychologist's records was an
abuse of discretion. Clearly, the decision to exclude the records was based on the court's decision
to not allow the jury's consideration of evidence on the 1994 assault when it was deciding the
present case. For these reasons, we overrule appellant's first and third issues.

 In his sixth issue, appellant asserts the trial court erred in preventing him from cross-examining Buenrastro on a prior inconsistent statement in which she regarded appellant as a peaceful
and truthful man. Appellant asserts the prior testimony stemmed from a civil proceeding. Based on
the record, two civil proceedings were discussed in Buenrastro's cross-examination. However,
appellant's citations to the record do not refer to the prior civil proceedings. Furthermore, the
citations do not reference an objection or the sustaining of an objection by the trial court preventing
impeachment of Buenrastro on a prior inconsistent statement.

 The Texas Rules of Appellate Procedure provide that the appellant's argument be clear and
concise, "with appropriate citations to the authorities and the record." Tex. R. App. Proc. 38(h). On
appeal, we have no duty to search the record to find reversible error. See Green v. State, 682 S.W.2d
271, 292 (Tex.Crim.App.1984), cert. denied, 470 U.S. 1034 (1985). Appellant must direct this court
to the proper place in the record where we may find the complained of error to preserve the error for
review. Cook v. State, 611 S.W.2d 83, 87 (Tex.Crim.App. [Panel Op.] 1981). Appellant did not do
this in the present case, and failed to preserve error. Therefore, we overrule appellant's sixth issue.

Prosecutorial Misconduct

 In his fifth issue, Ruiz asserts State prosecutor, Scott Simpson, committed prosecutorial
misconduct in his cross-examination of defense witness David Wheeler. Based on the record,
Wheeler had approached Simpson concerning the present case hoping to obtain a pre-trial diversion
agreement. In its cross-examination, the State implied that Wheeler sought to have the case
transferred to a different court to obtain a favorable treatment. Appellant contends the cross-examination was improper because it constituted a comment on the plea bargaining process.(2) See
Abdel-Sater v. State, 852 S.W.2d 671, 673 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (stating
that statements made in the course of plea negotiation are inadmissible).

 In its response, the State contends Ruiz failed to voice an objection during the exchange. It
is the State's assertion that error was waived for lack of a timely objection. See Tex. R. App. Proc.
33.1 (a)(1); Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990). We agree. The proper
method for preserving error for prosecutorial misconduct includes the following: (1) objecting on
specific grounds; (2) requesting an instruction that the jury disregard; and (3) moving for a mistrial.
Wilson v. State, 819 S.W.2d 662, 664 (Tex. App.--Corpus Christi 1991, pet. ref'd). The record
reflects Ruiz failed to object to Simpson's examination of Wheeler. In addition, a requested
instruction to disregard was not received by the trial court, and none was given. Finally, a motion
for mistrial was not made by the appellant. Given these facts, Ruiz is barred from raising this issue
on appeal because he failed to preserve error.(3) Accordingly, we overrule appellant's fifth issue.

Conclusion

 For the reasons stated above, appellant's six issues are overruled. The trial court's judgment
is affirmed.

 Alma L. López, Justice

DO NOT PUBLISH

1. In this case, Ruiz did not assert self-defense. His defense was that the incident did not occur, and that any
physical pain incurred by Buenrastro was not his fault.
2. The following exchange occurred in the State's cross-examination of David Wheeler:


 Q. [State] And isn't it true that you called Judge Christian and asked him to transfer this case
over to his court?

 A. [Wheeler] That's not true.

 Q. That's not true?

 A. No its not true.

 Q. You didn't ask Judge Christian to transfer that case over to that court so he could give
him pretrial diversion?

 A. I spoke to you about it. And I felt you should dismiss the case. And I felt pretrial
diversion would be an appropriate way to do it because I didn't think this case was good for
either of these people. It's an ugly part of their divorce proceedings.

 Q. That's not my question, sir.

 [The Court] You're just to answer his question.

 A. No, I have not done that.

 Q. Well, didn't Judge Christian tell you I was in the room when you talked to him on the
phone about that?

* * *

 A. Judge Christian could not hear this case because Judge Christian was a partner in a firm
where Freddy was an associate. . . .


3. Assuming the error was not waived, we would still not find the cross-examination conducted by Simpson
constituted an impermissible comment on the plea bargaining process. A pre-trial diversion agreement has been defined
as an agreement in which the State agrees to drop the charges if the defendant fulfills certain conditions within a specific
period of time. Fisher v. State, 832 S.W.2d 641, 643 (Tex. App.--Corpus Christi 1992, no pet.). Both parties request
the set trial date be moved to a certain date in the future to give the defendant time to comply. Id. The agreement is then
approved by the trial court. Id.


 Like a pre-trial diversion agreement, a plea bargain agreement is entered into by the State and the defendant's
counsel. See Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988). However, the process of plea bargaining
refers to the concessions made by a prosecutor regarding specific punishment, lesser charges or the reduction of counts
in the charging instrument in exchange for the defendant's plea of guilty or nolo contendere. Ex Parte Williams, 637
S.W.2d 943, 947 (Tex. Crim. App. 1982) (emphasis added). It simply does not constitute the dropping of charges as
encompassed under a pre-trial diversion agreement.


 We do not find Simpson's cross-examination constituted an impermissible comment on the plea bargaining
process for two reasons. First, under the definitions noted above, a pre-trial diversion agreement does not fall within
the scope of the plea bargaining process. Second, the record reveals Ruiz's attorney of record on this case was Judith
Wemmert, not David Wheeler. Clearly, the only attorney who maintained the ability to negotiate on behalf of Ruiz was
Wemmert, not Wheeler. Thus, any discussions entered into by Wheeler and Simpson did not constitute plea bargaining.



Return to
4th Court of Appeals Opinions